UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------

STANLEY BOWENS,

                 Plaintiff,

   -v-                                              9:18-CV-1377

DANIEL J. BOMBARDIER,
Sergeant, MERIT J. PECK,
Sergeant, GREGORY
ARCHER, Correction Officer,
ERIC S. TAFT, Correction
Officer, CHRISTOPHER
NICHOLS, Correction Officer,
MATTHEW A. LAFOUNTAIN,
Correction Officer, JENNIFER
BAXTER, Correction Officer,
J. GARROW, Correction Officer,
KEVIN BRUEN, Deputy
Commissioner and Counsel,
JAMES O'GORMAN, Deputy
Commissioner of Facilities, JEFFREY
MCKOY, Deputy Commissioner
of Program Services, STEPHEN
G. BRANDOW, Deputy Commissioner
of Administrative Services, and
CARL KOENIGSMANN, M.D.,
Deputy Commissioner and Chief
Medical Officer,

                 Defendants.

------------------------------------

| APPEARANCES: | OF COUNSEL: |
|---|---|
| STOLL, GLICKMAN LAW FIRM<br>Attorneys for Plaintiff<br>475 Atlantic Avenue, Third Floor<br>Brooklyn, NY 11217 | LEO GLICKMAN, ESQ. |

| HON. LETITIA JAMES | MARK G. MITCHELL, ESQ. |
| --- | --- |
| Attorney General of the State of New York | Ass't Attorney General |
| Attorney for Defendants | |
| The Capitol | |
| Albany, NY 12224 | |

DAVID N. HURD
United States District Judge

# MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

On November 28, 2018, plaintiff Stanley Bowens ("Bowens" or "plaintiff"), an inmate at Clinton Correctional Facility ("Clinton C.F."), filed this 42 U.S.C. § 1983 action. According to plaintiff's two-count complaint, various corrections officers at Clinton C.F. violated his Eighth Amendment right to be free from cruel and unusual punishment by participating in, or failing to intervene to put a stop to, a pair of physical assaults plaintiff endured on July 18, 2017.

Bowens asserts this first claim against defendants Sergeant Daniel J. Bombardier ("Sergeant Bombardier"), Sergeant Merit J. Peck ("Sergeant Peck"), Correction Officer Gregory Archer ("C.O. Archer"), Correction Officer Eric S. Taft ("C.O. Taft"), Correction Officer Christopher Nichols ("C.O. Nichols"), Correction Officer Matthew A. LaFountain ("C.O. LaFountain"), Correction Officer Jennifer Baxter ("C.O. Baxter"), Correction Officer J. Garrow ("C.O. Garrow") (the "C.O. defendants").

Bowens further alleges that various grievance processing personnel employed by the Department of Corrections and Community Supervision ("DOCCS") violated his First Amendment right of access to the courts by delaying a final decision on the administrative grievance he filed in connection with the alleged assaults.

Bowens asserts this second claim against defendants Deputy Commissioner Kevin Bruen ("Deputy Commissioner Bruen"), Deputy Commissioner of Facilities James O'Gorman ("Deputy Commissioner O'Gorman"), Deputy Commissioner of Program Services Jeffrey McKoy ("Deputy Commissioner McKoy"), Deputy Commissioner of Administrative Services Stephen G. Brandow ("Deputy Commissioner Brandow"), and Deputy Commissioner and Chief Medical Officer Carl Koenigsmann ("Deputy Commissioner Koenigsmann") (the "CORC defendants").

On February 26, 2019, the C.O. defendants and the CORC defendants (collectively "defendants") moved under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) to dismiss (1) the Eighth Amendment claims against Sergeant Peck, C.O. LaFountain, C.O. Baxter, and C.O. Garrow; (2) the First Amendment access-to-courts claim in its entirety; and (3) any official-capacity claims. The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

## II. **BACKGROUND**[1]

Since 2014, Bowens has been serving time in the custody of DOCCS for a first-degree murder conviction. *People v. Bowens,* 148 A.D.3d 925 (N.Y. App. Div. 2d Dep't 2017), *lv. denied*, 29 N.Y.3d 1029.

During the time period relevant to this civil rights action, DOCCS housed Bowens at Clinton C.F., a facility with a "dark history of inmate mistreatment." Compl. ¶¶ 7, 36; *see also id*. ¶¶ 7-33 (setting forth general allegations about the facility's history of mismanagement).

---

[1] The following facts are drawn from Bowens's operative pleading and attached exhibits and are assumed true for the purpose of resolving defendants' partial motion to dismiss.

On July 18, 2017, Bowens and Jessica Ann Manor, a non-party DOCCS employee, were both in the mess hall at Clinton C.F. when Ms. Manor "spoke to [plaintiff] in an abusive manner." Compl. ¶¶ 40-41. When plaintiff objected and asked "that she not speak to him that way," Ms. Manor said something to C.O. Archer, who ordered plaintiff into a nearby corridor for a pat frisk. *Id.* ¶ 42. Plaintiff complied, but when the pair reached the corridor C.O. Archer "assaulted him." *Id.* ¶ 43. According to plaintiff, C.O. Taft "joined in the assault." *Id*.

Thereafter, Sergeant Bombardier and C.O. Nichols handcuffed Bowens and escorted him to the medical area. Compl. ¶ 44. When they arrived, defendants placed plaintiff in an evaluation room and "assaulted" him again. *Id*. ¶ 45. Plaintiff alleges that he suffered serious injuries as a result of the two assaults, and has attached a photograph showing his swollen face and bruising. *Id*. ¶ 47; *see also* Ex. C to Compl.

On July 27, 2017, Bowens filed an administrative grievance in connection with the assaults. Compl. ¶ 48. When his grievance received a "negative response," plaintiff timely appealed to the prison superintendent. *Id*. ¶ 49. When this appeal was denied, plaintiff timely appealed again, this time to the Central Office Review Committee ("CORC").[2] *Id*. ¶ 50. However, CORC failed to render a determination within the 30-day time period set forth by its own internal rules and regulations. *Id*. ¶ 52.

On June 1, 2018, frustrated that he had not yet received a final determination on his appeal from CORC, Bowens filed a 42 U.S.C. § 1983 action in federal court. *Bowens v.*

---

[2] DOCCS grievance process consists of three stages. First, an inmate files a grievance with the Inmate Grievance Resolution Committee. Second, an inmate may appeal a decision from that body to the prison superintendent. Third and finally, an inmate may appeal the superintendent's decision to CORC. *See, e.g.*, *Brownell v. Krom*, 446 F.3d 305, 309 (2d Cir. 2006).

*Bombardier*, 9:18-CV-641-BKS-ATB ("*Bowens I*"). As relevant here, the complaint in *Bowens I* alleged the C.O. defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by participating in, or failing to intervene to put a stop to, the two physical assaults plaintiff endured on July 18, 2017.

On October 15, 2018, Bowens voluntarily dismissed *Bowens I* without prejudice after defendants' counsel pointed out that plaintiff's failure to fully exhaust his administrative remedies—*i.e.*, to wait for CORC's final decision on his grievance—ran afoul of the Prison Litigation Reform Act, 42 U.S.C. § 1997e, and would almost certainly necessitate dismissal of his lawsuit. *See* Compl. ¶ 53; Ex. D to Compl. The next day, U.S. District Judge Brenda K. Sannes "so ordered" plaintiff's voluntary dismissal notice and closed *Bowens I*.

On November 19, 2018, a fully 446 days after Bowens filed his appeal, CORC rendered a decision on it. Compl. ¶¶ 52-53. According to plaintiff, the "at least six month delay in this action caused by defendants' violation of its own rules is likely to have caused witnesses to be moved or lost or become unavailable, documents to be lost or discarded, and memories to have faded." *Id*. ¶ 54.

On November 28, 2018, Bowens filed this § 1983 action. In addition to the Eighth Amendment claim he alleged against the C.O. defendants in *Bowens I*, plaintiff's complaint in this action alleges that the CORC defendants violated his First Amendment right of access to the courts by delaying a final decision on his grievance.

## III. LEGAL STANDARDS

### A. Motion to Dismiss

"To survive a Rule 12(b)(6) motion to dismiss, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Ginsburg v. City of Ithaca, 839

F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims."  Id.

"When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor."  Faiaz v. Colgate Univ., 64 F. Supp. 3d 336, 344 (N.D.N.Y. 2014) (Baxter, M.J.).  In making this determination, a court generally confines itself to the "facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken."  Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (citation omitted).

### B. 42 U.S.C. § 1983

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Kisembo v. NYS Office of Children & Family Servs.*, 285 F. Supp. 3d 509, 518 (N.D.N.Y. 2018) (quoting *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

However, "[s]ection 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Kisembo*, 285 F. Supp. 3d at 518 (quoting *Sykes v. James*, 13 F.3d 515, 519 (2d Cir.1993)).  Thus, a § 1983 claim requires a plaintiff to show (1) the deprivation of a right, privilege, or immunity secured by the Constitution and its laws by (2) a person acting under the color of state law. *See* 42 U.S.C. § 1983.

## IV. DISCUSSION

Defendants' partial motion to dismiss seeks three forms of relief. First, defendants contend the Eighth Amendment claims against Sergeant Peck, C.O. LaFountain, C.O. Baxter, and C.O. Garrow should be dismissed because Bowens has failed to include any specific factual allegations about misconduct attributable to them. Second, defendants assert the First Amendment access-to-courts claim should be dismissed in its entirety because the fact plaintiff retained counsel and filed two different civil rights lawsuits is proof positive that he has not been denied access to the court system. Third and finally, defendants argue that any official-capacity claims against the named defendants must be dismissed because state officials are entitled to Eleventh Amendment immunity.

### A. Eighth Amendment

First, defendants contend the Eighth Amendment excessive force claims should be dismissed against Sergeant Peck, C.O. LaFountain, C.O. Baxter, and C.O. Garrow because Bowens has not alleged these defendants were involved in, or present for but failed to intervene in, either of the two assaults.

Bowens concedes that the Eighth Amendment excessive force claim against C.O. Baxter should be dismissed and that he should be let out of the case. However, plaintiff argues that his counsel "mistakenly failed" to include specific allegations about how Sergeant Peck, C.O. LaFountain, and C.O. Garrow were involved in, or present for, the assaults. Given that mistake, plaintiff requests leave to amend the complaint to add the names of these defendants to paragraph 45.

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 269 (N.D.N.Y.

- 7 -

2018) (quoting *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991)). "This includes punishments that 'involve the unnecessary and wanton infliction of pain.'" *Id*. (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

As relevant here, the Eighth Amendment prohibits corrections officers from using excessive force against an inmate in their custody. *Burroughs*, 325 F. Supp. 3d at 269. An inmate pressing an excessive force claim must show: "(1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated 'contemporary standards of decency.'" *Id*. (citations omitted). "The key inquiry into a claim of excessive force is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Clark v. Gardner*, 256 F. Supp. 3d 154, 166 (N.D.N.Y. 2017) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

In addition, "[t]he failure of corrections officers to employ reasonable measures to protect an inmate from violence by others may rise to the level of an Eighth Amendment violation." *Clark*, 256 F. Supp. 3d at 166 (citing *Ayers v. Coughlin*, 780 F.2d 205, 209 (2d Cir. 1985)). And while it should probably go without saying, this requirement extends to violence visited upon inmates by fellow corrections officers. *Burroughs*, 325 F. Supp. 3d at 270; *see also Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) ("[A]ll law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.").

To establish liability under a failure-to-intervene[3] theory, an inmate "must prove the use of excessive force by someone other than the individual and that the defendant under

---

[3] This is sometimes referred to as a "failure to protect" or a "failure to intercede."

consideration: (i) possessed actual knowledge of the use by another of excessive force; (ii) had a realistic opportunity to intervene and prevent the harm from occurring; and (iii) nonetheless disregarded that risk by intentionally refusing or failing to take reasonable measures to end the use of excessive force." *Clark*, 256 F. Supp. 3d 167; *see also Burroughs*, 325 F. Supp. 3d at 270 (phrasing the third component of this claim as requiring a showing of "deliberate indifference" by the defendant-official).

Upon review, this branch of defendants' motion to dismiss will be granted. In light of Bowens's concession, the Eighth Amendment claim against C.O. Baxter will be dismissed *with* prejudice and he will be removed from the docket as a named defendant in this action.

However, given Bowens's counsel's representation that the omission of Sergeant Peck, C.O. LaFountain, and C.O. Garrow were inadvertent, the Eighth Amendment claims against them will only be dismissed *without* prejudice.

Therefore, Bowens is afforded a limited opportunity to amend his complaint to correct the error identified by defendants; *i.e.*, to amend his pleading to include specific allegations about how Sergeant Peck, C.O. LaFountain, and C.O. Garrow were involved in, or were present for but failed to stop, the assaults. *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

### B. First Amendment

Second, defendants contend that Bowens's First Amendment access-to-courts claim must be dismissed for failure to state a plausible claim for relief. According to defendants, the fact that plaintiff managed to retained an attorney and file two different lawsuits about the assaults at issue undermines any claim about being denied access to the courts.

Even if he could state a claim under this body of substantive law, defendants point out that Bowens's complaint fails to allege how any of the named CORC defendants were personally involved in deciding plaintiff's appeal or otherwise contributing to the delay that occurred. And if the Court were inclined to put that shortcoming aside, defendants further contend that the doctrine of qualified immunity nevertheless shields the CORC defendants from liability on this claim.

Bowens responds that his First Amendment access-to-courts claim against the CORC defendants remains viable in spite of the fact he managed to retain counsel to file *Bowens I* and the present civil rights action. According to plaintiff, the systemic and repeated failure by CORC to render timely decisions on inmate grievances, including the one he filed in this case, is prejudicial because it causes memories to fade, documents to be lost, and witnesses to disappear. This is especially unfair because a prisoner is "not in a position to preserve evidence or otherwise be proactive in preserving [or] pursuing his or her case."

Bowens goes on to contend that defendants' argument about the lack of personal involvement of the CORC defendants is nonsensical, since the named parties are the only members of CORC and therefore the only people responsible for the mishandling of his grievance. Plaintiff suggests that the PLRA's "exhaustion" requirement may be unconstitutional as applied to the facts of this case, which involve a delay well in excess of a year. Finally, plaintiff argues qualified immunity cannot attach because a prisoners' right of access to the courts is clearly established.

"Prisoners have a First Amendment right of meaningful access to the courts, which requires state prisons 'to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Bellezza v. Holland*,

730 F. Supp. 2d 311, 314 (S.D.N.Y. 2010) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). "This right of access, however, guarantees a prisoner 'no more than reasonable access to the courts.'" *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 345 (N.D.N.Y. 2010) (quoting *Herrera v. Scully*, 815 F. Supp. 713, 725 (S.D.N.Y.1993)); *see also Carolina v. Rubino*, 644 F. App'x 68, 71 (2d Cir. 2016) (summary order) ("This right is not unlimited.").

"Unlike prisoners who bring a claim for the violation of a constitutionally protected right, who have standing to assert that right even if the denial of the right did not cause an 'actual injury,' prisoners who bring a claim for the violation of a derivative right of access to the courts must demonstrate 'actual injury' in order to have standing." *Bellezza*, 730 F. Supp. 2d at 314 (quoting *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008)).

This "actual injury" requirement "is not satisfied by just any type of frustrated legal claim." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Rather, the inmate must go "one step further and demonstrate that the alleged shortcomings" at issue "hindered his efforts to pursue a legal claim." *Id*. at 351. Thus, "[a] claim for reasonable access to the courts under § 1983 requires that an inmate demonstrate that the alleged act of deprivation 'actually interfered with his access to the courts or prejudiced an existing action.'" *Tafari*, 714 F. Supp. 2d at 345 (quoting *Herrera*, 815 F. Supp. at 725).

Upon review, defendants' motion to dismiss Bowens's access-to-courts claim will be granted. As defendants are quick to point out, plaintiff is represented by counsel in this action and was represented by counsel in *Bowens I*, the prior case he voluntarily dismissed after defendants' counsel raised the exhaustion issue.

Courts considering access-to-courts claims generally find that an inmate represented by counsel (retained or assigned) cannot plausibly claim that his right to access the courts

has been denied in the *constitutional* sense of the phrase. *See, e.g.*, *Bourdon v. Loughren*, 386 F.3d 88, 96 (2d Cir. 2004) ("For example, the assistance of an attorney . . . is a permissible and sufficient means of satisfying the right of access to the courts, but it is not a necessary or exclusive means of doing so . . . ."); *Perez v. Metro. Corr. Ctr. Warden*, 5. F. Supp. 2d 208, 211 (S.D.N.Y. 1998) (Sotomayor, J.) ("If an inmate is provided with legal counsel, the inmate is given a 'reasonably adequate opportunity' to present his claim and there is no violation of constitutional magnitude.").

To be clear, this Court is well aware that CORC often blows the deadline for resolving grievances that has been imposed on it by DOCCS and other internal policies. *See generally* N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5. As Bowens points out in his pleading, federal courts routinely dismiss civil rights actions brought by inmates for "failure to exhaust" even though the failure often comes as a result of CORC's delay. *See* Compl. ¶ 66 (collecting cases).

At the same time, however, the Supreme Court and the Second Circuit have repeatedly approved of the PLRA's mandatory exhaustion regime and of the implementation of grievance processes by prison administrators in states across the country, including this one. *See, e.g.*, *Porter v. Nussle*, 534 U.S. 516 (2002); *Messa v. Goord*, 652 F.3d 305 (2d Cir. 2011).

Against this backdrop, the principal problem with Bowens's claim is that his allegations of "actual injury" are actually just speculative ones. Plaintiff alleges that the delay in this case "interfered with and prejudiced this action" because the delay is "likely to have caused witnesses to be moved or lost or become unavailable, documents to be lost or discarded, and memories to have faded." Compl. ¶¶ 53-54.

But *likely* is not actually. Of course, it is certainly conceivable to imagine a scenario where one or more of the named CORC defendants took specific action to deliberately delay the resolution of an inmate's grievance long enough so that, say, a fellow inmate-witness's sentence ended and he or she disappeared into the free world, depriving the inmate of the witness's testimony.

Yet even if that were the case, a § 1983 plaintiff pressing that kind of access-to-courts claim would still be obligated to plead some manner of culpable conduct, either action or omission, traceable to each individual defendant allegedly responsible for that intentional delay. So although plaintiff may be correct that the CORC defendants named in this action make up the entire review committee, the mere fact that there was a delay in adjudicating an inmate's grievance claim does not *ipso facto* mean that an inmate has an actionable denial-of-access claim under § 1983.

Indeed, this kind of "backward-looking" denial-of-access claim ordinarily requires the plaintiff to "identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

The failure to exhaust at issue here is less like a lost opportunity for recompense and more like a "curable procedural flaw" that can be remedied by properly exhausting and then filing suit, just as Bowens did here. *See Casey v. Brockley*, 2015 WL 8008728, at *6 (N.D.N.Y. Nov. 9, 2015) (Dancks, M.J.) (Report & Recommendation), *adopted by*, 2015 WL

7864161 (N.D.N.Y. Dec. 3, 2015). In sum, plaintiff has failed to state a plausible access-to-courts claim and therefore this branch of defendants' motion will be granted.

## C. Sovereign Immunity

Third and finally, defendants contend that any official-capacity claims asserted against the named defendants must be dismissed because state officials are immune from suit in their official capacity under the Eleventh Amendment.[4] Bowens responds that he did not sue any of the named defendants in their official capacities. According to plaintiff, this branch of defendants' motion should be denied as moot.

"As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." *Kisembo*, 285 F. Supp. 3d at 519 (quoting *Jackson v. Battaglia*, 63 F. Supp. 3d 214, 219–20 (N.D.N.Y. 2014)). "This immunity 'extends beyond state agencies to state officials at those agencies working on behalf of the state (*i.e.* in their official capacities).'" *Id*. (quoting *Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394, 406 (E.D.N.Y. 2010)).

Upon review of the complaint, Bowens does not appear to have asserted any official-capacity claims against the named defendants. Further, plaintiff makes clear in his opposition memorandum that he "has not sued defendants in their official capacities." Accordingly, this branch of defendants' motion will be denied as moot.

---

[4] Defendants correctly brought this branch of their dismissal motion pursuant to Rule 12(b)(1), since the sovereign immunity they claim would pose a jurisdictional bar to suit. *See, e.g.*, *Frantti v. New York*, 2017 WL 922062, at *5 n.4 (N.D.N.Y. Mar. 8, 2017); *see also Morales v. New York*, 22 F. Supp. 3d 256, 268 (S.D.N.Y. 2014) ("A claim that is barred by a state's sovereign immunity must be dismissed pursuant to the Eleventh Amendment for lack of subject matter jurisdiction.").

## V. CONCLUSION

Although his Eighth Amendment excessive force claims will be dismissed against certain of the named defendants, Bowens will be granted leave to replead this claim against Sergeant Peck, C.O. LaFountain, and C.O. Garrow. However, plaintiff's First Amendment access-to-courts claim must be dismissed against the CORC defendants.

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss is GRANTED in part and DENIED in part;

2. The Eighth Amendment excessive force claim against C.O. Baxter is DISMISSED with prejudice;

3. The Eighth Amendment excessive force claims against Sergeant Peck, C.O. LaFountain, and C.O. Garrow are DISMISSED without prejudice;

4. The First Amendment access-to-courts claim is DISMISSED with prejudice against the CORC defendants;

5. C.O. Baxter, Deputy Commissioner Bruen, Deputy Commissioner O'Gorman, Deputy Commissioner McKoy, Deputy Commissioner Brandow, and Deputy Commissioner Koenigsmann are DISMISSED as named defendants in this action; and

6. Plaintiff is afforded fourteen (14) days in which to amend his complaint to include specific allegations about how Sergeant Peck, C.O. LaFountain, and C.O. Garrow were involved in, or were present for but failed to stop, the assaults described in the pleading.

IT IS SO ORDERED.

Dated: April 29, 2019
      Utica, New York.

                                               United States District Judge