UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STANLEY BOWENS,

        Plaintiff,

        -v-                    18-CV-1377

DANIEL J. BOMBARDIER,
MERIT J. PECK, GREGORY ARCHER,
ERIC S. TAFT, CHRISTOPHER NICHOLS,
MATTHEW A. LAFOUNTAIN
and JACOB GARROW,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

STOLL, GLICKMAN & BELLINA, LLP     LEO GLICKMAN, ESQ.
Attorneys for Plaintiff
5030 Broadway, Ste. 652
New York, NY 10034

HON. LETITIA A. JAMES            MICHAEL McCARTIN, ESQ.
New York State Attorney General    Ass't Attorney General
Attorneys for Defendants
The Capitol                     STACEY HAMILTON, ESQ.
Albany, NY 12224              Ass't Attorney General

DAVID N. HURD
United States District Judge

## ORDER ON MOTIONS IN LIMINE

      This case is set for a jury trial on Monday, December 13, 2021 at 9:30

a.m. in Utica, New York.  As part of their pre-trial briefing, the parties have

moved *in limine* for pre-trial rulings on the admissibility of certain anticipated evidence or argument.  Dkt. Nos. 56, 64.

A motion *in limine* is a motion made "on or at the threshold." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  "The term is used in the broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Walker v. Schult*, 365 F. Supp. 3d 266, 275 (N.D.N.Y. 2019) (cleaned up).

The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 263 (D. Conn. 2017) (cleaned up).  "Motions *in limine* may be directed toward barring specified evidence or argument and may be based on any of the grounds available under the Federal Rules of Evidence."  3 *Moore's Federal Practice* § 16.77(4)(d)(ii).

"Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Walker*, 365 F. Supp. 3d at 275 (cleaned up).  "The movant has the burden of establishing that the evidence is not admissible for any purpose." *Id*.  Of course, "[t]he trial judge may reserve judgment on a motion *in limine* until trial to ensure

the motion is considered in the proper factual context." *Id.*  And finally,

"[t]he court's ruling regarding a motion *in limine* is subject to change when

the case unfolds." *Id.*

Upon review of the parties' briefing in light of the governing

evidentiary standards, it is

ORDERED that

The parties' motions are GRANTED in part and DENIED in part as

follows:

1.    Plaintiff's request to appear before the jury in civilian attire and

without handcuffs or other restraints during the trial is GRANTED;

2.    Plaintiff's request to be escorted into and out of the courtroom

outside the presence of the jury is GRANTED;

3.    Evidence or testimony concerning the nature and details of

plaintiff's prior convictions is PRECLUDED, including for impeachment

purposes, though the jury may be advised that he is a convicted felon serving

a lengthy prison term;

4.    Evidence or testimony concerning plaintiff's disciplinary history

in prison is PRECLUDED, except to the extent that it concerns any prior acts

involving a defendant;

5.    The evidence or testimony outlined in Point B of defendants'

motion *in limine* (Dkt. 56) is PRECLUDED;

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  December 7, 2021
         Utica, New York.